**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| In re: | § |
|  | § Chapter 7 |
| **A+ PRO RECOVERY AND TOWING LLC** | § |
|  | § Case No. 22-10132 |
| Debtor. | § |

## TRUSTEE'S APPLICATION TO EMPLOY DANIELS & TREDENNICK, PLLC AS GENERAL BANKRUPTCY COUNSEL

THIS MOTION SEEKS AND ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Catherine Stone Curtis (the "**Trustee**"), chapter 7 trustee for the estate of A+ Pro Recovery and Towing LLC (the "**Debtor**"), files this *Application to Employ Daniels & Tredennick, PLLC as General Bankruptcy Counsel* (the "**Application**") and the Declaration of J. Maxwell Beatty (the "**Declaration**"), attached as **Exhibit 1** to this Application, and respectfully shows as follows:

### RELIEF REQUESTED

1. The Trustee believes that it is in the best interest of the estate to retain Daniels & Tredennick, PLLC (the "**Firm**") as general bankruptcy counsel on an hourly fee basis pursuant to sections 327(a), 237(d) and 330, effective April 3, 2022, pursuant to the terms of the Engagement Letter attached as **Exhibit 2** to this Application. As such, the Trustee requests that the Court enter an order, substantially in the form of the proposed order attached hereto, authorizing her to employ the Firm as general bankruptcy counsel.

## JURISDICTION

2. The Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding under § 157(b). Venue is proper under §§ 1408-09.

3. The statutory bases for the relief sought are §§ 327(a), 330, and 704(a) of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 6003, and Bankruptcy Local Rule 2014-1.

## BACKGROUND

4. On September 9, 2022, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "**Petition Date**"). Catherine Stone Curtis was appointed as the chapter 7 trustee for the Debtor's estate.

5. The Trustee filed her application to employ The Beatty Law Firm, PC ("**TBLF**") as general bankruptcy counsel on September 28, 2022 [DE 17]. The Court granted the application on October 21, 2022 [DE 28].

6. Effective April 3, 2023, J. Maxwell Beatty joined the Firm as a partner. As a result, the Trustee decided to retain the Firm as general bankruptcy counsel to ensure continuity in representation and avoid the costs associated with changing lead counsel.

7. The Trustee believes that the retention of the Firm as bankruptcy counsel is needed as she will need assistance in administering the assets of the Estate. The Trustee is currently conducting discovery to identify any additional potential assets and is currently working to collect funds from a state court registry as a part of a settlement with Erik Hager. The Trustee further believes that she may need assistance in evaluating potential causes of action held by the estate.

## BASIS FOR RELIEF

8. Section 327(a) of the Bankruptcy Code authorizes a trustee to employ attorneys that do not hold or present an interest adverse to the debtor's estate and that are "disinterested" persons, as defined by the Bankruptcy Code, to assist her with her duties. The Trustee's retention of the Firm

is necessary to enable the Trustee to fulfill her duties under the Bankruptcy Code and is in the best interests of the Debtor's estate and the creditors.

### A. The Firm's Qualifications

9.  J. Maxwell Beatty is a partner at the Firm and is well qualified having over 15-years of experience in bankruptcy courts. He has regularly represented trustees in cases in the Southern District of Texas including Christopher Murray, Ronald Sommers, Catherine Curtis, and Rodney Tow. Mr. Beatty has handled complex issues in larger cases as well. Mr. Beatty has also represented Trustee in matters similar to the case at bar in terms of size and complexity.

### B. Scope of Services

10. The Trustee seeks to employ the Firm as her general bankruptcy counsel. The Trustee anticipates this will include:

   a. Advising the Trustee with identifying and evaluating any potential assets of the Debtor's estate;

   b. Assisting the Trustee in evaluating and objecting to claims filed in the Debtor's estate;

   c. Advising generally on the Trustee's rights, power and duties in the administration of the estate;

   d. Assisting the Trustee with the retention of professionals to assist in the liquidation of estate assets;

   e. Investigating and litigating claims arising under chapter 5 of the Bankruptcy Code;

   f. Investigating on a preliminary basis, other causes of action and assisting the Trustee in identifying and evaluating independent law firms to pursue any potentially valuable claims; and

   g. Performing such other legal services for and on behalf of the Trustee as may be necessary or appropriate to assist the Trustee in satisfying her duties under the Bankruptcy Code.

The Trustee has determined in her business judgment that retention of the Firm is in the best interest of the estate and its creditors.

### C. The Firm's Disinterestedness

11. The Firm has conducted a diligent inquiry and, except as disclosed in the Declaration, has found no connection with the Debtor, any creditors appearing in the schedules or otherwise in the record in the case, any other known party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Based upon the Declaration, the Trustee submits that The Firm is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

12. The Trustee has been informed that The Firm will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, The Firm will supplement its disclosure to the Court. Based on the Declaration, the Trustee believes that The Firm is in compliance with the requirements of §§ 327(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

### D. The Firm's Compensation

13. The Firm's employment by the Trustee would be, in all respects subject to an order of this Court authorizing such employment. The Firm would seek reasonable compensation from the estate only for actual and necessary legal services as defined by the Bankruptcy Code and consistently with applicable guidance from the Office of the United States Trustee.

14. The Firm has agreed to rates in this matter similar to what the firm would charge other clients for the same or similar work. The rates are summarized in the chart that follows:

| Professional | Standard Rate | Rate for this Matter |
|---|---|---|
| J. Maxwell Beatty, Partner (Lead) | $625 /hr | $525 /hr |
| Associates | $250-$450 /hr | $225-$400 /hr |
| Paralegal | $140-$150 /hr | $125 /hr |

These rates are well within the wide range of rates charged by similarly qualified firms in this District. The Firm will also seek reimbursement for out-of-pocket expenses, but only to the extent they are

reasonable and necessary, and only at actual cost.

15. The Firm has not entered into any agreement to share fees other than its compensation agreement with Mr. Beatty through his professional corporation.

## NO PRIOR REQUEST

16. No prior motion or application for the relief requested herein has been made to this Court or any other court.

## PRAYER

17. The Trustee respectfully asks that this Court grant the relief requested and any such other relief as the Court seems appropriate.

Dated: April 14, 2023   Respectfully submitted,

*/s/ Catherine Stone Curtis*
Catherine Stone Curtis, Trustee
Texas Bar No. 24074100
ccurtis@pulmanlaw.com
PO Box 720788
McAllen, TX 78504
Tel. (956) 467-1900
*Chapter 7 Trustee for the Debtor*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, pursuant to Local Rule 9003-1, this document was served on the U.S. Trustee and upon those parties registered to receive ECF notifications in this case on April 14, 2023.

                                            */s/ J. Maxwell Beatty*
                                            J. Maxwell Beatty