**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| In re: § | |
| § | Chapter 7 |
| A+ PRO RECOVERY AND TOWING LLC § | |
| § | Case No. 22-10132 |
| Debtor. § | |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE UNDER RULE 9019
BETWEEN THE TRUSTEE AND A-PRO TOWING & RECOVERY LLC**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Catherine Stone Curtis (the "**Trustee**"), chapter 7 trustee for the estate of A+ Pro Recovery and Towing LLC (the "**Debtor**"), files this *Motion to Approve Compromise Under Rule 9019 Between the Trustee and A-Pro Towing & Recovery LLC* (the "**Motion**") and in support thereof respectfully states as follows:

### JURISDICTION AND VENUE

1. This Motion constitutes a "core proceeding" as defined in 28 U.S.C. § 157(b)(2). This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On September 9, 2022, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Catherine Stone Curtis was appointed as the chapter 7 trustee for the

Debtor's estate.

3.      After her appointment, the Trustee learned that the Debtor was a party to litigation in the case styled *McIlHargey, McIntyre individually and derivatively on behalf of A+ Pro Recovery and Towing, LLC v. Hager, et al.*, Case No. 2020-DCL-03294, which is pending before the 107th District Court of Cameron County, Texas (the "**State Court Litigation**"). The Trustee reviewed the underlying docket and pleadings related to the case and discussed the case during the Debtor's 341 Meeting with the Debtor's representative, Jody Hager. The Trustee discovered that the State Court Litigation also included counterclaims asserted by A-Pro Towing against the Debtor related to alleged breaches of the *Asset Purchase Agreement* executed by the Debtor and A-Pro Towing dated December 24, 2019 (the "**APA**"). The Trustee also reviewed pleadings and discovery from the State Court Litigation that was provided by the Debtor in order to ascertain the value of any claims owned by the Debtor against A-Pro Towing.

4.      On November 9, 2022, A-Pro Towing filed Claim No. 2 in this case asserting a claim for $2,733,207.50 related to its breach of contract claims asserted in the State Court Litigation (the "**A-Pro Towing Claim**"). Of this amount, A-Pro Towing claims that $1,754,000.00 of the obligation is secured by the Debtor's assets, including equipment that was sold to the Debtor as a part of the APA. The A-Pro Towing Claim makes up over 90% of the claims pool.[1]

5.      The Trustee conferred with counsel for A-Pro Towing regarding a potential resolution of the claims between the parties. After an arm's length negotiation, the Trustee and A-Pro Towing have reached a proposed resolution of the dispute, subject to the approval of this Court.

## PROPOSED COMPROMISE

6.      Under the settlement, A-Pro Towing will waive any interest in the A-Pro Towing

---

[1] The Trustee believes that A-Pro is likely to amend its claim to reduce the secured portion, resulting in the majority of the claim being a general unsecured claim.

Claim, and it shall be deemed to be withdrawn upon the Court's entry of an order approving this settlement. The parties will enter into mutual releases related to the claims brought in the State Court Litigation. The Trustee will also agree to have the stay lifted, to the extent that it remains applicable, so that A-Pro Towing can both (a) proceed with resolution of the remaining claims relating to third-parties in the State Court Litigation; and (b) exercise all available legal rights and remedies associated with equipment that was subject to its lien. The Trustee believes that the Settlement is fair and equitable, is in the best interest of the estate, and should be approved.

## AUTHORITY

7. Section 105 of the Bankruptcy Code permits a bankruptcy court to enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. Included within § 105 is the authority to approve the Settlement. Bankruptcy Rule 9019 gives the Court the discretion to approve compromises of controversies and claims. *See Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *Continental Airlines, Inc. v. Air Line Pilots' Ass'n Int'l, (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990); *In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984). Approval of a settlement is left to the sound discretion of the reviewing court. *See, e.g.*, *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (noting that courts should exercise their discretion "in light of the general public policy favoring settlements").

8. The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a bankruptcy court must evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re Age Refining, Inc.*, 801 F.3d 530 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602. Furthermore, courts should also consider the difficulties of

collecting a judgment rendered from the litigation in determining whether to approve a compromise between parties. *Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968). Under the third, catch-all provision, the Fifth Circuit has specified two additional factors. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996). Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted).

    **A.**    **The Settlement Should Be Approved.**

9. The Trustee believes that the parties' agreement satisfies the requirements established by the Supreme Court in *TMT Trailer* and further defined by the Fifth Circuit.

10. <u>Probability of Success</u>. Based on her investigation, the Trustee believes there is a significant risk that the Trustee would not recover from A-Pro Towing based on the Debtor's claims. Moreover, the litigation has been contentious, slow, and expensive for all parties involved. The Trustee also considered the documents and pleadings she reviewed, the history of the case, and the witnesses that would appear at trial to testify on behalf of the estate. As a result, the Trustee believes that the cost to pursue the Debtor's claims against A-Pro Towing in the State Court Litigation outweighs any likely benefit to the estate if the Trustee were to pursue the claims. Moreover, there is a significant risk that A-Pro Towing would be successful in pursuing its claims against the estate, leading to an allowed claim that would constitute the vast majority of the claims pool for distribution purposes.

11. <u>The Complexity of Litigation</u>. Although the underlying dispute is not overly complex, the parties to the litigation, including Jody McIntyre and Castine McIlhargey, have engaged in significant motion practice that has delayed the litigation since its original filing on July 13, 2020. Litigating the claims would require the Trustee to identify and employ new litigation counsel on a

contingency basis, as the estate does not have sufficient funds to employ litigation counsel. The Trustee has not yet been able to locate any counsel that would be interested in taking the case on a contingency basis.

12. <u>Difficulties of Collecting on Any Judgment Which Might be Obtained</u>. The Trustee is unaware of any specific facts indicating that collection would be difficult.

13. <u>Facts Bearing on the Wisdom of the Compromise</u>. The parties' settlement will quickly resolve any disputes and avoid any further costs associated with the litigation. Moreover, the settlement would result in a release of the A-Pro Towing Claim, which will benefit the remaining creditors by increasing their pro-rata distribution of any remaining assets. The Trustee also expects creditors to support this agreement because it is the result of arms-length bargaining between the parties.

14. For these reasons, the Trustee submits that the Settlement meets the requirements of Bankruptcy Rule 9019 as expressed by the Fifth Circuit and the Supreme Court in *TMT Trailer*.

## **CONCLUSION**

**WHEREFORE**, the Trustee requests that the Court issue an order approving the Settlement and granting such other and further relief as this Court deems just and proper.

Date: June 12, 2023

Respectfully submitted,
**DANIELS & TREDENNICK PLLC**

By: */s/ J. Maxwell Beatty*
J. Maxwell Beatty
State Bar No. 24051740
max@dtlawyers.com
6363 Woodway Dr., Suite 700
Houston, Texas 77057
Tel. 713-800-3681
Fax. 713-917-0026
*Counsel for the Trustee*