UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| In re:<br><br>**A+ PRO RECOVERY AND TOWING LLC**<br><br>Debtor. | §<br>§  **Chapter 7**<br>§<br>§  **Case No. 22-10132**<br>§ |

**ORDER APPROVING COMPROMISE UNDER RULE 9019**
**BETWEEN THE TRUSTEE AND A-PRO TOWING & RECOVERY LLC**
**(Relates to Docket No. _____)**

The Court, having considered the Trustee's *Motion to Approve Compromise Under Rule 9019 Between the Trustee and A-Pro Towing & Recovery LLC*[1] ("**Motion**"), any responses or objections to the Motion, the representations of counsel, and the record in this case, finds that (i) notice of and hearing on the Motion was adequate and appropriate, (ii) the Parties established that the parties' agreement meets the applicable standard for approval of settlements under the Bankruptcy Code and the Fifth Circuit's authority concerning the standard for approval of the compromise of controversies, and (iii) good cause exists to grant the relief requested, and therefore **ORDERS THAT**:

1.  The Trustee is authorized to settle the estate's claims against A-Pro Towing & Recovery LLC ("**A-Pro Towing**") on the terms outlined in the Settlement Agreement attached to the Motion;

2.  Upon the entry of this Order, Claim No. 2 filed by A-Pro Towing & Recovery shall be deemed to be withdrawn, and A-Pro Towing shall not be entitled to any distribution from the estate;

3.  To the extent necessary, the stay under 11 U.S.C. § 362 is modified to: (a) permit A-Pro Towing to continue litigation of all claims, counterclaims, cross-claims and defenses asserted by any party in the case styled *McIlhargey, McIntyre individually and derivatively on behalf of A+ Pro Recovery and*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning attributed to them in the Motion.

*Towing, LLC v. Hager, et al.*, Case No. 2020-DCL-03294, which is pending before the 107th District Court of Cameron County, Texas (the "**State Court Litigation**"); and (b) to exercise all available legal rights and remedies associated with any equipment which is subject to its lien arising from the *Asset Purchase Agreement* executed by the Debtor and A-Pro Towing dated December 24, 2019 (the "**APA**").

    4.    Except for the enforcement of the terms and provisions of this Order and the settlement, the parties shall be deemed to have released one another and their agents, successors, predecessors, assigns, attorneys and employees from any and all claims that have been or could have been asserted which are in anyway related to the Debtor, the State Court Litigation, Claim No. 2 filed by A-Pro Towing, or the APA.

    5.    The Trustee is authorized and directed to take all actions necessary to effectuate the relief granted in this Order, including preparing and/or executing any documents required to dismiss the estate's claims in the State Court Litigation or preparing and/or executing documents necessary to permit A-Pro Towing to enforce its lien rights the Debtor's property to which a valid lien attaches; and

    6.    Without in any way affecting the finality of this order, this Court shall retain jurisdiction over the interpretation and enforcement of the Settlement Agreement.

[*Reserved for Court's Signature*]

**Reviewed and Approved:**

| | |
|---|---|
| **DANIELS & TREDENNICK PLLC** | **LAW OFFICE OF ANDREW K. ROZELL** |
| *By: /s/ J. Maxwell Beatty* | By:*/s/Andrew K. Rozell* |
| J. Maxwell Beatty | Andrew K. Rozell |
| State Bar No. 24051740 | State Bar No. 17358000 |
| max@dtlawyers.com | akrlawharlingen@gmail.com |
| 6363 Woodway Dr., Suite 700 | 323 E. Jackson |
| Houston, Texas 77057 | Harlingen, TX 78550 |
| Tel. 713-800-3681 | Tel. 956-428-1282 |
| Fax. 713-917-0026 | Fax. 956-428-6595 |
| *Counsel for the Trustee* | *Attorney for A- Pro Towing and Recovery, LLC* |